FILED
United States Court of Appeals
Tenth Circuit

May 15, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

AARON MICHAEL STEVENSON,

    Plaintiff - Appellant,

v.

KVC BEHAVIORAL HEALTHCARE,
INC.; JASON HOOPER, Chief Executive
Officer of KVC; MEGAN NELSON, KVC
Case Manager; BRITTANY SMITH, KVC
Case Manager,

    Defendants - Appellees.

No. 18-3005
(D.C. No. 5:17-CV-03027-SAC)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

In November 2014, Franklin County District Court in Kansas adjudicated

Plaintiff Aaron Michael Stevenson's child, C.S., to be a "Child in Need of Care."

Two years later, Franklin County District Court terminated the parental rights to C.S.

of both Plaintiff and C.S.'s mother. Defendant KVC Behavioral Healthcare, Inc.

("KVC"), a private non-profit organization, placed C.S. in a foster home and began

providing family support services between Plaintiff and C.S. Plaintiff appealed the

termination of his parental rights. In February 2017, while his appeal in state court

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was still pending, he filed suit under 42 U.S.C. § 1983 against KVC and KVC employees in the U.S. District Court for the District of Kansas. This complaint alleged KVC and its employees violated his constitutional rights by forcing a case plan upon him before his paternity was established, prohibiting him from attending the same church as his child, and discriminating against him because of his criminal history.

Defendants moved to dismiss the complaint. Plaintiff did not file a timely response. The district court entered an order to show cause why Defendants' motion should not be granted. After Plaintiff still did not respond, the district court granted Defendants' motion to dismiss for three reasons. First, the court held the *Younger* abstention doctrine, set forth in *Younger v. Harris*, 401 U.S. 37 (1971), barred the court from interfering with the ongoing state court proceedings. Second, the court held it lacked subject matter jurisdiction based on the domestic relations exception to federal jurisdiction recognized in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Third, the court held Plaintiff failed to state a claim under § 1983 because neither KVC nor its employees are state actors and Plaintiff failed to allege sufficient facts to establish they acted under the color of state law.

On appeal, Plaintiff fails to address these holdings of the district court's Memorandum and Order. Instead, he repeats the same arguments he made before the district court: (1) KVC unconstitutionally forced a case plan on him before paternity was established; and (2) KVC unconstitutionally caused him to miss church because his son attended that church. As the district court ably explained in its Memorandum

2

and Order, these claims fail because the *Younger* abstention doctrine denies the district court the ability to exercise its jurisdiction. ROA, 44–45; *see also Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. Because the *Younger* abstention is sufficient to justify the district court's grant of the motion to dismiss, we need not address the other two independent grounds on which the district court relied.

Plaintiff only raises one new issue that he did not raise before the district court and, thus, the district court did not address. Plaintiff argues he was unable to contest Defendants' motion to dismiss because he never received a copy of the motion. Defendants were required to mail the motion to Plaintiff's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C). According to Defendants' certificate of service attached to their motion to dismiss, they did indeed mail the motion to the most recent address on record for Plaintiff. At this point, service was complete. *See id.* Five days after Defendants filed their motion to dismiss, Plaintiff entered a notice of a change of address. The record shows that same day, the clerk of the District of Kansas forwarded the motion to dismiss to this new address. In short, the record indicates Plaintiff was appropriately served the motion to dismiss. In any event, nothing Plaintiff might have argued in a response to Defendants' motion to dismiss would change the fact that, under the *Younger* abstention doctrine, the district court could

not exercise jurisdiction.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge